**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LOVOTNY CEDRIC SHANNON,

       Petitioner,

                                                                            CASE NO. 08-10407
v.                                                       HONORABLE DENISE PAGE HOOD

THOMAS BELL,

       Respondent.
_____/

**OPINION AND ORDER (1) DISMISSING PETITIONER'S
PETITION FOR WRIT OF HABEAS CORPUS AND
(2) GRANTING PETITIONER'S APPLICATION FOR LEAVE TO
PROCEED ON APPEAL *IN FORMA PAUPERIS***

**I.**     **Introduction**

Lovotny Cedric Shannon ("Petitioner"), a state prisoner presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Michigan Parole Board's decision to deny him parole. Petitioner was convicted of domestic violence in the Washtenaw County, Michigan, Circuit Court, and sentenced to six months in prison. Pursuant to Petitioner's petition, the Michigan Parole Board denied him parole and, instead, gave him a twelve-month continuance. In his pleadings, Petitioner asserts that the Board's decision violated due process, because it failed to set forth "substantial and compelling" reasons for the denial of parole. Additionally, within his pleadings, Petitioner also argues for declaratory relief regarding this issue.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a

preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed. The Court also denies Petitioner's request for declaratory relief.

**II.     Analysis**

In order to demonstrate that he is entitled to habeas corpus relief, Petitioner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Petitioner alleges a violation of the Fifth Amendment, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment provides in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. As the United States Supreme Court has explained, the Fourteenth Amendment protects "the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).

The Supreme Court has held that there is no right under the United States Constitution of

a lawfully-convicted person to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Simply stated, there is no federal constitutional right to parole. *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990). While there is no federal constitutional right to parole, the Supreme Court has held that a convicted person may have a liberty interest created by a State's laws, a liberty interest which is subject to constitutional protection. *See Thompson*, 490 U.S. at 460 (citing *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).

In deciding whether a liberty interest arises under the laws of a State, the Supreme Court closely examines the language of the State's relevant statutes and regulations. *Thompson*, 490 U.S. at 461. "Stated simply," the Supreme Court explained, "'a State creates a protected liberty interest by placing substantive limitations on official discretion.'" *Id*. at 462 (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). As the Supreme Court further advised:

> A state may do this in a number of ways . . . the most common manner in which a State creates a liberty interest is by establishing "substantive predicates" to govern official decision-making . . . and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met.

*Thompson*, 490 U.S. at 462 (citing *Hewitt*, 459 U.S. at 472). In order to find that a liberty interest arises under a State's laws, the Supreme Court has required "that the regulations contain 'explicitly mandatory language,' *i.e.*, specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Id*. (quoting *Hewitt*, 459 U.S. at 471-72).

Applying these standards, the Michigan Court of Appeals and the courts within the Sixth

Circuit have concluded that a liberty interest in parole does not arise under Michigan law. *See Hurst v. Dep't. of Corr. Parole Bd.*, 119 Mich. App. 25, 29, 325 N.W.2d 615, 617 (1982); *Juarez v. Renico*, 149 F. Supp. 2d 319, 322 (E.D. Mich. 2001); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999). The *Hurst* court found that Michigan's parole statute provides that a prisoner shall not be released until his minimum term of imprisonment has been served, but that it *allows* an early parole as an exception to the minimum term provision. *Hurst*, 119 Mich. App. at 29, 325 N.W.2d at 617. While the statute provides factors for the Board to consider, it does not mandate parole if certain criteria are met. *Id.* The Michigan Court of Appeals concluded that the State's statute "creates only a hope of early release," rather than a right to release. *Id.* As Petitioner has no protected liberty interest in parole, his claim is not cognizable on federal habeas review. Petitioner has also not shown that he is being held beyond the expiration of his sentence. Habeas relief is therefore not warranted in this case.

Petitioner also seeks declaratory relief. The relief Petitioner seeks is the same relief sought in his petition for a writ of habeas corpus, a declaration that his convictions were obtained in violation of his constitutional rights. Therefore, the Court denies Petitioner's request for declaratory relief.

## III. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims in his habeas petition and that the petition must be denied.

The Court however will grant Petitioner's application for leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that Petitioner's petition for writ of habeas corpus and request for declaratory relief are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's application for leave to proceed on appeal *in forma pauperis* is **GRANTED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 25, 2008

I hereby certify that a copy of the foregoing document was served upon Lovotny Shannon, Reg. No. 218614, Gus Harrison Correctional Facility, 2727 E. Beecher St., Adrian, MI 49221 on April 25, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager